IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**CHARLES ADAM ST. AMAND,**     **PLAINTIFF**

**V.**     **NO: 4:06CV48-WAP-EMB**

**BESSIE SCOTT, DR. "UNKNOWN" MACROOM
& MDOC,**     **DEFENDANTS**

## REPORT AND RECOMMENDATION

On August 16, 2006, the *pro se* plaintiff, Charles Adam St. Amand, appeared before the undersigned United States Magistrate Judge for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. §1983. An *in forma pauperis* complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

The Complaint alleges plaintiff, an inmate confined at the Mississippi State Penitentiary in Parchman, Mississippi, was assaulted by Officer Bessie Scott on July 21, 2005. While Scott was conducting laundry call on plaintiff's tier, she got involved in a verbal altercation with other inmates. At some point Scott, who had provided plaintiff with a marker to label his laundry, ordered plaintiff to finish up. Scott, who had become upset by the other inmates, repeatedly stabbed plaintiff in the hand with an ink pen.

Plaintiff was later taken to the facility's hospital for treatment. He claims Dr. Marom[1]

---

[1] Dr. Bearry, the representative for MDOC at the hearing, corrected the spelling of Defendant's name as "Marom."

was drunk and failed to take X-rays before giving him five stitches.  Dr. Marom also ordered physical therapy.  Plaintiff was eventually referred to Dr. Love, a private doctor in Greenville, MS.  Dr. Love advised him that he could not treat him without X-rays and returned him to the prison where X-rays were immediately taken.

At the *Spears* hearing, plaintiff testified that while handing the marker through his cell's bars with his left hand, he told Scott he wasn't done and asked if he could finish up.  Plaintiff testified that when he failed to immediately let go of the marker, Scott began to stab him repeatedly in his left hand.  With regard to his claims against Dr. Marom, plaintiff testified he sued the doctor because he failed to take X-rays in the first instance.

First, plaintiff's claims against MDOC should be dismissed because this entity is not a proper defendant to a § 1983 lawsuit.

Second, plaintiff has failed to allege facts sufficient to support an Eighth Amendment claim for denial of medical treatment against Dr. Marom.  In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors in their response to the prisoner's needs or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976).  Merely alleging that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension.  *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir.1991); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993)("negligent medical care does not constitute a valid section 1983 claim.").

In this case, plaintiff admits he was immediately examined and treated by Dr. Marom. He was given stitches for his stab wounds, and physical therapy was ordered. Plaintiff was even referred to a private physician for medical care. Dr. Marom's failure to take X-rays immediately after the incident, at best, amounts to mere negligence. Such conduct is insufficient to state a constitutional claim.

Last, I find plaintiff has sufficiently alleged facts supporting a claim for excessive force against Defendant Scott. As such, this is the only claim that should be allowed to proceed.

Based on the foregoing, it is my recommendation that plaintiff's claim for excessive force against Defendant Bessie Scott be allowed to proceed and that his claims against the remaining defendants be dismissed with prejudice.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this, the 17th day of August, 2006.

/s/ Eugene M. Bogen
**UNITED STATES MAGISTRATE JUDGE**